UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

NATASHA MARIE LOGAN[1] and                         Case No. DG 09-08516
KENNETH LEE LOGAN, SR.,                            Hon. Scott W. Dales
                                                   Chapter 7

              Debtors.

_____/

ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge


By Order dated August 18, 2011, the court denied the Chapter 7 Trustee's motion to compel the Debtors to turn over their prorated 2009 state and federal income tax refunds, and overruled the Trustee's objection to their amended exemption of those refunds. The Trustee requested, and the court granted, an extension of time to file a notice of appeal. During that appeal period, as extended, the Trustee filed the Trustee's Motion for Relief From Order Under FRBP 9024 (the "Motion," DN 68).

Although the Trustee plainly seeks reconsideration, he offers no specific grounds upon which the court might grant the relief he requests. For example, the Motion recites that "it is apparent there have been too many factual misstatements that lead to this Court's decision," but neglects to enumerate a single one or even attribute the mistake to any particular author. *See* Motion at ¶ 4. In addition, the Motion states that the court "decided the matter based upon an issue not raised by the parties," but does not identify the issue. *Id.* at ¶ 5.[2] Finally, the Motion

---

[1] Alias for Natasha Marie Logan: aka Natash M. Simon (the "Debtors").

[2] The court assumes, without the benefit of the Trustee's view, that he is referring to the court's reliance on Fed. R. Bankr. P. 9005, which the court cited in a prior order in an effort to alert the parties to the court's concern. *See*

alludes to "recent case law development" without citing any authority. Under these circumstances, the court cannot grant the Motion, much less impose upon the Debtors the expense of responding to it.

Bankruptcy Rule 9024 gives the court and the parties the opportunity to correct mistakes and avoid the delays and expense of the appellate process, but this error correction-function cannot work unless the complaining party offers specific grounds for relief.

In order to permit the Trustee to articulate specific reasons for relief and perhaps avoid the necessity of an appeal, the court will deny the Motion without prejudice.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 68) is DENIED without prejudice to renewal.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeff A. Moyer, Esq., Chapter 7 Trustee, Jeffrey L. Hampel, Esq., counsel for the Debtors, Natasha and Kenneth Logan, and the Office of the United States Trustee.

END OF ORDER

---

Order dated April 28, 2011 (DN 38) ("the court is raising the possible application of Bankruptcy Rule 9005 *sua sponte*, and simple fairness requires the court to give the Trustee an opportunity to respond"). The Trustee elected not to respond on this point, though the court afforded him ample opportunity to do so.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: September 22, 2011**